UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Anderson, # 266902 | ) C/A No. 4:10-1020-RBH-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| McKither Bodison, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff sues the Warden of Lieber Correctional Institution for alleged medical indifference and failure to protect an inmate, claiming that he has been refused testing/treatment for Tuberculosis (TB) despite the fact that his roommate tested positively for the disease and has not been treated for it. He claims that he was informed of these facts by a staff nurse on March 5, 2010, and that he filed a Step 1 grievance on that same day. The Complaint in this case was placed in the institutional mail at Lieber Correctional Institution on April 22, 2010. For limitations purposes, this date is the date of filing of the Complaint. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, the Complaint filed in this case fails to state a claim on which relief may be granted because there are no allegations of personal involvement in the denial of medical care by the only Defendant named: Warden Bodison of Lieber Correctional Institution. Claims based on assertions of medical indifference and failure to protect in the state prison context such as those made by Plaintiff are generally considered in federal court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Although Plaintiff does not specifically reference § 1983, it is clear from the context of his allegations that he is seeking to raise constitutional violations claims that may only be heard by this Court pursuant to that statute.

In order to assert a viable § 1983 claim against any particular public official, a "causal connection"

or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166. The complaint does not contain allegations of personal involvement of Warden Bodison concerning alleged denial of medical care for TB. Without allegations of personal involvement in the alleged wrongdoing by Defendant, the Complaint does not state a viable § 1983 claim.

Additionally, it is well settled that the doctrines of "vicarious liability" or "respondeat superior" are not applicable in § 1983 cases. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982). Further, the limited exception enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), is not available in this case based on the allegations of the complaint. As stated above, Plaintiff has not named as a defendant any SCDC employee or official who allegedly *personally* violated Plaintiff's constitutional rights,[2] much less that Defendant Bodison was aware of the allegedly unconstitutional activities of the unnamed individual employee(s) or official(s). Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from *some specified source* . . . " nor has he alleged facts showing that Bodison's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994).

Furthermore, even if the Complaint were otherwise sufficient to state a claim against Defendant, it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before he fully exhausted the South Carolina Department of Corrections' (SCDC) administrative remedy process. As a result of this

---

[2] Plaintiff does refer to a nurse who allegedly told him about his roommate's TB history, but he did not make that nurse a defendant in this case.

lack of complete exhaustion, the Complaint should be summarily dismissed. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff admits in his Complaint that he filed his first grievance relative to the TB issue at Lieber Correctional Institution on or about March 5, 2010, but that he had not received a response as of the date he prepared his Complaint (presumably immediately before mailing it on April 22, 2010). He also states that he "put in grievance write the Warden, write Director Medical and Health Service." Compl. 2. Notably, Plaintiff did not specifically describe these other writings, as to the dates filed or the contents.

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

Assuming he or she never receives a response to a filed grievance, an SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. Specifically, the SCDC policy time limits are summarized as follows: **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to

explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Institutional Inmate Grievance Coordinator has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system and attempt to informally resolve it; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served. SCDC Policy/Procedure GA-01.12, at §§ 13.1-13.5 (Jan. 1, 2006). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal.* SCDC Policy § 13.6 (emphasis added). Accordingly, if the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). This is because within the SCDC the Step 1 grievance automatically proceeds to the next level of appeal where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary). After approximately 114 days have passed, he will have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *e.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Of course, that 114-day period could be shortened if the Warden responds to the grievance in a timely fashion and if any Step 2 appeal proceeds immediately thereafter, but that is not the case here where Plaintiff claims "no response" from the Warden. In this case, Plaintiff states that he received no response to his Step 1 grievance within the forty-seven (47) days between the alleged incident (March 5, 2010) and the date on which the Complaint

was put in the inmate mail at Lieber (April 22, 2010). Assuming Plaintiff's allegations of no response to be true, because Plaintiff's March 5, 2010 grievance is still considered pending until approximately 114 days have passed, or until approximately June 27, 2010, this action should be summarily dismissed *without prejudice*.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

May 17, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).